UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAYAKRISHNAN K NAIR,<br><br>Plaintiff,<br><br>v.<br><br>TITAN TOWING, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-02255-APG-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Appointment of Counsel. (ECF No. 4). The Court considers the attached Memorandum of Points and Authorities together with the underlying Complaint (ECF No. 1-2).

As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court has discretionary authority under 28 U.S.C. § 1915 to appoint counsel for indigent civil litigants in "exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); s*ee also United States v. McQuade,* 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In his Motion, Plaintiff offers several factors he believes justifies the appointment of counsel in this case, including his underlying mental and physical health conditions, the loss of all his possessions, the complexity of his case, and the fact that he is an immigrant and lacks legal knowledge. ECF No. 4. While the Court acknowledges Plaintiff's lack of resources as indicated by his application to proceed *in formal pauperis* (ECF No. 1), neither a lack of resources nor a desire to ensure justice is best served meet the exceptional circumstances test. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *see also Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989)

("[T]he Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation."). A review of Plaintiff's Complaint demonstrates to the Court that any unfamiliarity with the U.S. legal system Plaintiff may have did not prevent him from presenting detailed and cohesive claims for relief. Further, the facts underlying Plaintiff's Complaint, the alleged theft of his vehicles and unlawful eviction from his residence (ECF No. 1-2 at 6-15), are not so complicated as to rise to the level of exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is DENIED.

Dated this 6th day of December, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2