UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAYAKRISHNAN K NAIR,<br><br>    Plaintiff,<br><br>v.<br><br>TITAN TOWING, et al.,<br><br>    Defendants. | Case No. 2:24-cv-02255-APG-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1, 1-2. Plaintiff's IFP application is complete and is granted by the Court. However, Plaintiff's Complaint fails to establish subject matter jurisdiction and for this reason the Court recommends dismissal with leave to amend.

**I.    Screening Standard**

When screening Plaintiff's Complaint the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in

the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Plaintiff's Complaint Fails to Establish Subject Matter Jurisdiction**

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of

citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Federal courts have the authority to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A court may raise the question of subject-matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3). Here, as the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

Plaintiff's claims are admittedly brought against Defendants all of whom "are domiciled in the State of Nevada." ECF No. 1-2 at 2. Plaintiff states he is a permanent resident of the United States, is currently staying in Nevada, but is supposedly domiciled in Washington State. *Id.* However, Plaintiff's cover sheet says his county of residence is "Clark" (ECF No. 1-1) and every page of Plaintiff's Complaint shows on the bottom righthand corner a Las Vegas, Nevada address. ECF No. 1-2 at 1-24. On page 24 of the Complaint Plaintiff lists his address as Las Vegas, Nevada under his signature. *Id.* at 24. Plaintiff also alleges that he came to Nevada in 2022 and appears to have remained in the state (with the exception of one trip) since. *Id.* at 6. Under these circumstances the Court cannot conclude Plaintiff is domiciled outside of the State of Nevada. Plaintiff alleges nothing to support his conclusory statement that he is allegedly domiciled in Washington State. "A permanent-resident alien is deemed to be a citizen of the state where he is domiciled, and not of his native nation. " *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1042 (7th Cir 2006) *citing Singh v. A.G. Daimler–Benz*, 9 F.3d 303 (3d Cir. 1993). As explained in *Engle*, "[t]he Judicial Conference thought that an unnecessary and unwise use of the limited federal adjudicatory capacity. Senator Heflin, a member of the Federal Courts Study Committee, introduced this language as part of a package of uncontroversial amendments, which immediately passed without discussion. 134 Cong. Rec. 31,050 (1988); *id.* at 31,054 (Senator Heflin's section-by-section analysis showing this language's derivation); *id.* at 31,067 (passed by unanimous consent)." *Id. See also Van Der Steen v. Sygen*

3

*International, PLC*, 464 F.Supp.2d 931, 935 (N.D. Cal. 2006) (same).  Under the circumstances, Plaintiff has not established diversity citizenship.

Plaintiff's Complaint alleges violations of state law with the exception of raising a claim under 18 U.S.C. § 1962, which is a criminal statute.  However, "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue [ ] in any appropriate United States district court" under 18 U.S.C. § 1964(c).  To have standing to bring "a civil RICO [claim, a] plaintiff must show: (1) that his alleged harm qualifies as injury to his business or property; and (2) that his harm was by reason of the RICO violation, which requires the plaintiff to establish proximate causation."  *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118-19 (9th Cir. 2017) (quoting *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008)) (internal quotation marks omitted).  "An essential element of most civil RICO actions is an allegation that the defendant engaged in a pattern of racketeering activity."  *Schreiber Distributing Co. v. Serv-well Furniture Co. Inc.*, 806 F.2d 1393, 1398 (9th Cir. 1986).

To this end, Plaintiff says AA Action Towing illegally towed his car sometime, it appears, in November 2022.  ECF No. 1-2 at 6.  After citing numerous Nevada statutes, Plaintiff says he brought an action for "unlawful towing" in Justice Court that was ultimately dismissed.  *Id*. at 7-8.  Plaintiff contends "Americana Apartments" then evicted him in retaliation for bringing his unlawful towing action.  *Id*. at 9.  Plaintiff moved to a hotel where he parked his car that was subsequently burglarized.  *Id*. at 10.  Plaintiff then moved to an Airbandb where he parked his van and paid the host to allow the van to remain while he took a trip to Seattle related to his mother's illness.  *Id*. at 10-11.  When he returned "several months later" he learned his van had been towed by Ewing Bros., which supposedly demanded a bribe to retrieve his vehicle.  *Id*. at 11-12.

Plaintiff's story now turns back to the Airbandb, which Plaintiff says he rented on a month to month basis.  *Id*. at 12.  The leasor apparently behaved badly, went into the rental unit, and vandalized Plaintiff's belonging.  *Id*.  Plaintiff then parked his van on a street across from his rental unit resulting in yet a third towing of the vehicle.  *Id*. at 13.  This time Titan Towing refused to release the vehicle without proof of ownership, and the company was unwilling to accept a bribe.  *Id*. at 14.  Plaintiff is also now allegedly being evicted from his Airbandb.  *Id*. at 15.

While Plaintiff tells a coherent, albeit somewhat fantastic story, Plaintiff does not plead facts sufficient to state a civil RICO claim. There is no factual connection between the various Defendants whose individual actions may or may not be a violation of law. *See United States v. Brooklier*, 685 F.2d 1208, 1222 (9th Cir. 1982) ("[t]he pattern may be established by showing two or more acts that constitute offenses, conspiracies, or attempts of the requisite type, as long as the defendant committed two of the acts and both of them were connected by a common scheme, plan or motive"), *cert. denied*, 459 U.S. 1206 (1983). *See also Sedima, S.P.R.L. v. Imrex Co. Inc.*, 473 U.S. 479, 496 n.14 (1985) ("As the Senate Report explained: "The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than one 'racketeering activity' and the threat of continuing activity to be effective. It is this factor of *continuity plus relationship* which combines to produce a pattern.") (brackets in original, internal citation omitted).

"Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" when "all claims over which it has original jurisdiction" have been dismissed. *Altmann v. Onewest Bank, F.S.B.*, Case No. 2:09-cv-02361-GEB-GGH, 2010 WL 2267753, at * (E.D. Cal. June 4, 2010) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1996) (additional citation omitted). The Court declines such jurisdiction in this case.

### III.    Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-2) is DISMISSED without prejudice. Plaintiff fails to establish diversity or federal question jurisdiction and the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim that comprise the vast majority of his claims.

IT IS FURTHER ORDERED that Plaintiff, if he so chooses, is granted one opportunity to file an amended complaint in this Court. The amended complaint must be titled "AMENDED COMPLAINT" and must establish a basis for subject matter jurisdiction. In the absence of subject matter jurisdiction this case will be dismissed in its entirety to allow Plaintiff to proceed with his claims in state court. In fact, Plaintiff may want to consider bringing his claims in state court as

there does not appear to be a basis for a civil RICO claim despite the detailed factual assertions made. Any amended complaint must be filed no later than **March 3, 2025**.

IT IS FURTHER ORDERED that failure to comply with the substance or filing deadline set in this Order will result in a recommendation to dismiss this action in its entirety.

Dated this 14th day of February, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE