UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAYAKRISHNAN K. NAIR,

Plaintiff,

v.

TITAN TOWNING, et al.,

Defendants.

Case No. 2:24-cv-02255-APG-EJY

**AMENDED REPORT AND
RECOMMENDATION**

Pending before the Court is Plaintiff's Second Amended Complaint ("SAC").  ECF No. 20. The SAC was filed after the Court issued a Report and Recommendation to dismiss this action that did not grant Plaintiff leave to amend.  ECF No. 19.  Thus, Plaintiff's SAC is filed in violation of Federal Rule of Civil Procedure 15(a).  More importantly, however, and as discussed below, the SAC fails to address any of the shortcomings that led to a recommendation to dismiss Plaintiff's First Amended Complaint ("FAC").  Because the two Complaints are largely identical save for the pleading of a few additional facts, the Court incorporates its discussion from the prior Report and Recommendation at ECF No. 20, as if set forth in full, providing the additional findings below.

I.    **Discussion**

In his jurisdictional statement, Plaintiff avers "[t]he claims in question in toto is of magnitudes higher than $75,000."  ECF No. 20 at 2.  However, claims against multiple defendants are only properly aggregated if they are related so that there is joint liability among the defendants for each claim. *Libby, McNeill & Libby v. City Nat'l Bank*, 592 F.2d 504, 510 (9th Cir. 1978).  Here, by way of example, there is no plausible basis for Plaintiff to allege that any alleged discrimination he may have experienced by employees of Caesar's Casino is related to the alleged theft of his BMW by a towing company in New Jersey.  ECF No. 20 at 11-13; 22-23.  The combined value of the vehicles Plaintiff alleges were stolen may potentially be above $75,000, but each is alleged to have been stolen by different Defendants under different circumstances and sometimes in different states. *Id*. at 17-20, 22, 26, 28-30, 32.  The only individual claim in Plaintiff's SAC that satisfies the amount

in controversy requirement of 28 U.S.C. § 1332 is the one arising from the loss of his dog, the value of which Plaintiff alleges to be over $100,000.  *Id.* at 6, 25.  Even accepting this allegation as true, however, the Court cannot exercise diversity jurisdiction over what can only be construed as a state tort claim because the Defendants allegedly responsible for this loss are domiciled in Washington State, just as Plaintiff avers to be.  *Id.* at 23-25.

Because Plaintiff's SAC suffers from the same infirmities as his FAC, the Court recommends it be dismissed without leave to amend.  To ensure the Court is not burdened by further frivolous amendments, the Court also recommends no further filings by Plaintiff be accepted pending a final decision on this matter.

## II.    Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's First Amended Complaint (ECF No. 11) and Second Amended Complaint (ECF NO. 20) be DISMISSED without prejudice, but without leave to amend in federal court.  Dismissal without prejudice would allow Plaintiff, if he so chooses, to pursue claims in Nevada's state court.

IT IS FURTHER RECOMMENDED that the Clerk of Court be directed not to accept any further submissions from Plaintiff until such time as a resolution of this Report and Recommendation is filed by the Court.

Dated this 8th day of May, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal

1    factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir.

2    1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).