UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAYAKRISHNAN NAIR, et al., | Case No.: 2:24-cv-02255-APG-EJY |
| Plaintiffs | **Order Denying Motion for Reconsideration** |
| v. | [ECF Nos. 26, 27] |
| TITAN TOWING, et al., | |
| Defendants | |

    I previously accepted Magistrate Judge Youchah's recommendation that I dismiss the plaintiffs' various amended complaints without leave to amend in federal court, but without prejudice to the plaintiffs pursuing their claims in state court. ECF No. 25. The plaintiffs move for reconsideration of my order, contending that I overlooked their objection to Judge Youchah's recommendation. ECF Nos. 26, 27. The plaintiffs' objection (ECF No. 23) was filed six days late, and the day after I filed my order. Nevertheless, I have re-reviewed Judge Youchah's various orders and recommendations, the plaintiffs' amended complaints and filings (including their untimely objection to Judge Youchah's recommendation), and their motions for reconsideration. Nothing in those papers convinces me that Judge Youchah's recommendations are erroneous or that I should change my prior decisions. The plaintiffs' second amended complaint suffers from the many deficiencies identified in Judge Youchah's recommendations, so I adopt her analysis. I also supplement her findings in this order.

    The second amended complaint contains disparate allegations against a large number of defendants. Federal Rule of Civil Procedure 18(a) allows a plaintiff to bring multiple claims against one defendant. And Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to sue multiple defendants if the claims arise "out of the same transaction, occurrence, or series of

transactions or occurrences." But "[u]nrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Here, the plaintiffs' claims arise from different episodes, in different states, and allegedly committed by different defendants. Many of the alleged acts occurred outside of Nevada, almost none of the episodes that are strung together in the complaint relate to each other, and most of the defendants took no actions in Nevada. Joinder of all these claims against all these defendants violates Rule 20(a)(2). And the claims for relief do not differentiate the defendants against whom they are pleaded and are simply "labels and conclusions" that do not "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

This court lacks personal jurisdiction over most of the defendants. It also lacks subject matter jurisdiction over all but one of the claims, and that claim also fails. The second amended complaint thus fails to assert any plausible claims for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

To the extent Judge Youchah did not directly address the plaintiffs' claim under 42 U.S.C. § 1983, I dismiss that claim as well. The plaintiffs assert this claim against all defendants. ECF No. 20 at 40-41. A claim under § 1983 can be asserted only against persons acting under color of state law. 42 U.S.C. § 1983. Almost all of the defendants are private persons or entities acting in their individual capacities, and thus cannot be sued under § 1983. The three exceptions are the State of Nevada; Clark County, Nevada; and King County, Washington. ECF No. 20 at 4. The plaintiffs cannot assert this claim against the State of Nevada because "a State is not a 'person' within the meaning of § 1983" and therefore may not be sued

under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 65 (1989). This court cannot assert personal jurisdiction over King County because the acts allegedly committed by King County's personnel occurred in the State of Washington. ECF No. 20 at 23-25. Moreover, King County and Clark County "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Rather, they may be sued only when execution of one of their policies or customs inflicts the injury. *Id.* The plaintiffs make no such allegations against either county, so they cannot maintain this claim either.

I THEREFORE ORDER that the plaintiffs' motions for reconsideration **(ECF Nos. 26, 27) are denied**. Because the plaintiffs have had several opportunities to amend their pleadings but have not properly done so, the plaintiffs' various complaints remain dismissed without prejudice to their pursuing their claims in the proper state court(s).

DATED this 20th day of August, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

3